UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRENCE LAMAR JACKSON,

      Petitioner,

v.          Case No. 3:12-cv-1185-J-12JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) on October 29, 2012 pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner challenges his 2007 state court (Duval County) conviction and sentence for trafficking in cocaine and conspiracy to traffic in controlled substances. He asserts that he is still seeking relief in state court concerning the challenged sentence. See Petition at 15, paragraph 15.

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's state post conviction motion. Thus, this case will be dismissed without prejudice to give Petitioner the opportunity to complete his action in state court and to fully exhaust his state court remedies. See

Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is now

**ORDERED:**

1. This case is dismissed without prejudice.[1]

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

3. The Clerk of the Court shall send Petitioner a habeas corpus petition form and an Affidavit of Indigency form. If Petitioner elects to refile, he may complete and submit these forms. Petitioner should not place this case number on the forms. The Clerk will assign a separate case number if Petitioner elects to refile his claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of October, 2012.

UNITED STATES DISTRICT JUDGE

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

sc 10/31
c:
Terrence L. Jackson